FILED
 2011 Jun-20  AM 10:19
U.S. DISTRICT COURT
    N.D. OF ALABAMA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| US BANK NATIONAL ASSOCIATION, Trustee for CMLTI 2007-WFHE3, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case Number 7:10-CV-3114-SLB |
| ANTHONY B. HUDSON; FROSTY K. HUDSON, | ) ) ) |
| Defendants. | ) ) |
| ANTHONY B. HUDSON; FROSTY K. HUDSON, | ) ) ) |
| Counterclaimants, | ) ) |
| vs. | ) ) |
| US BANK NATIONAL ASSOCIATION, Trustee for CMLTI 2007-WFHE3, | ) ) ) |
| Counter Defendant. | ) |
| ANTHONY B. HUDSON; FROSTY K. HUDSON, | ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| vs. | ) ) |
| WELLS FARGO BANK, | ) ) |
| Third-Party Defendant. | ) |

**MEMORANDUM OPINION**

This case is presently before the court on Motion to Dismiss, (doc. 4),[1] filed by counterclaim defendant U.S. Bank National Association and third-party defendant Wells Fargo Bank, and Motion to Remand, (doc. 10), filed by counterclaimants and third-party plaintiffs Anthony and Frosty Hudson. Plaintiff U.S. Bank sued the Hudsons in the Circuit Court of Tuscaloosa, Alabama, seeking to eject the Hudsons from foreclosed property in Cottondale, Alabama. (*See* doc. 1-1 at 8-9.) The Hudsons filed a Counterclaim/Third-Party Complaint against U.S. Bank and Wells Fargo, alleging violations of the Fair Debt Collection Practices Act, [FDCPA], the Truth in Lending Act [TILA], and the Home Affordability Modification Program [HAMP]. They also alleged state-law claims of unfair and deceptive acts and practices, breach of contract, unjust enrichment, negligence, and wantonness. Wells Fargo removed this action based on the presence of the federal claims, (doc. 1 at 3-4), and U.S. Bank joined the removal, (doc. 1-2 at 2).

Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that the Hudsons' Motion to Remand, (doc. 10), is due to be denied on the grounds argued in the Motion to Remand; the Motion to Dismiss, filed by U.S. Bank and Wells Fargo, (doc. 4), is due to be denied as moot. The court declines to exercise jurisdiction over the remaining state-law claims; therefore, this

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

2

case will be remanded to the Circuit Court of Tuscaloosa County pursuant to 28 U.S.C. § 1367(c)(3).

## I. MOTION TO REMAND

The Hudsons contend that this court is without subject-matter jurisdiction because they have dismissed their federal claims, and a third-party defendant cannot remove a case from state court.

### A. AMENDMENT TO THE COMPLAINT

The law is well established that "the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove," and, therefore, "events occurring subsequent to removal . . . do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291-92, 293 (1938). "[W]hen a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell International Corp. v. United States,* 549 U.S. 457, 474 n.6 (2007)(citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 346 (1988); *Red Cab*, 303 U.S. at 293); *see also Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007)(citing *Rockwell International*, 549 U.S. at 474 n.6; *Behlen v. Merrill Lynch, Phoenix Inv. Partners, Ltd.*, 311 F.3d 1087 (11th Cir. 2002); *Poore v. American-Amicable Life Ins. Co.*, 218 F.3d 1287 (11th Cir.2000)).

In response to the Motion to Dismiss, the Hudsons filed an Amendment to Counterclaim and Third-Party Complaint Removing All Federal Claims. (Doc. 7.) Rule 15(a)(1) states:

A party may amend its pleading once as a matter of course within:

(A)  21 days after serving it, or

(B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  The Motion to Dismiss was filed on November 30, 2010; the Hudsons filed their Amendment on December 14, 2010. Therefore, the Counterclaim/Third-Party Complaint is amended as a matter of course.

The Hudsons assert, "This Amendment . . . specifically deletes Count One, Count Two, Count Four, and all Federal claims, and the same are dismissed with prejudice." (*Id*. ¶ 1.)  However, this Amendment, which dismissed the federal claims after the case was removed, does not deprive the court of subject-matter jurisdiction.

Therefore, the Hudsons' Motion to Remand on the ground that this court lacks jurisdiction will be denied.

**B.  REMOVAL BY THIRD-PARTY DEFENDANT**

The Hudsons contend that "removal cannot be initiated by the Third-party Defendant, Wells Fargo." (Doc. 8 at 2.)  One court in this Circuit has noted that "[s]uch a removal would not have been permitted in most district courts.  The weight of authority is that

4

removal under Section 1441(c) is limited to defendants, not third-party defendants." *Chevy Chase Bank, F.S.B. v. Carrington*, No. 6:09-cv-2132-Orl-31GJK, 2010 WL 1854123, *1 (M.D. Fla. May 10, 2010)(citing 14B Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 3722.3 (4th ed.)).

> Within this Circuit, however, binding authority permits third party defendants to effect removal pursuant to [28 U.S.C. § Section 1441(c)]. *See Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133, 135 (5th Cir. 1980). In that opinion, the court noted several cases that had permitted removal on the basis of a third party claim where a separate and independent controversy had been stated, called this "the more rational view," and affirmed the removal of the case before it by a third-party defendant. *Id*. at 135-36. The United States Court of Appeals for the Eleventh Circuit has not addressed the issue of removal under Section 1441(c) by a third-party defendant. *Carl Heck* remains good law in this Circuit. As a result, [a third-party defendant] could properly utilize Section 1441(c) . . . .

*Id*. (footnote omitted).

Therefore, the court finds that removal by a third-party defendant is allowed in this Circuit.

The Hudsons also argue that the third-party claims against Wells Fargo and the counterclaims against U.S. Bank are not separate and independent controversies from the ejectment action filed by U.S. Bank. (See doc. 8 at 4-8.) Wells Fargo and U.S. Bank argue:

> Plaintiff U.S. Bank's original Complaint is a simple eviction action seeking possession from Third-Party Plaintiffs following their failure to vacate the property at issue within 10 days of U.S. Bank's demand to do so. *See* Doc. 1, at Ex. A. Third-Party Plaintiffs' Complaint, however, asserts a variety of claims against U.S. Bank and Wells Fargo based on the servicing of the loan, loss mitigation attempts and modification proposals. *See* Doc. 1, at Ex. A. U.S. Bank, however, did not service Third-Party Plaintiffs' loan, never engaged in loss mitigation attempts with them, and had no contact with

> Third-Party Plaintiffs prior to the July 29, 2010 foreclosure sale. In fact, U.S. Bank could dismiss its claims against [the Hudsons] and [the Hudsons] claims against Wells Fargo would remain pending – thus demonstrating the separate and distinct nature of Third-Party Plaintiff's claims in this action. *See Mace Security Int'l, Inc. v. Odierna, et al.*, No. 08-60778-CIV, 2008 WL 3851839, *4 (S.D. Fla. Aug. 14, 2008)(noting that a hallmark of a "separate and independent" claim was that the success of one claim did not rest on the outcome of the other); *Hayduk v. United Parcel Service, Inc.*, 930 F. Supp. 589, 593 (S.D. Fla. 1996)("that one claimant can be successful without the other is the essence of a separate and independent claim.").

(Doc. 11 at 7-8.)

Whether the Counterclaim and Third Party Complaint are separate and independent of U.S. Bank's claim against the Hudsons is irrelevant for purposes of deciding whether the federal claims set forth in the Counterclaim and Third Party Complaint are separate and independent from the state-law claims for purposes of § 1441(c). Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). The joinder referred to in section 1441(c) refers to joinder of claims under Rule 18, which provides, "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Therefore, § 1441(c) refers to "a separate and independent claim" based on a federal question that "is joined with one or more otherwise non-removable claims" in the same complaint, counterclaim, cross claim, or third-party complaint. It does not refer to the opposing party's claims, counterclaims, crossclaims,

or third-party complaints. Thus, whether the Counterclaim and Third Party Complaint are "separate and independent" of the Complaint is irrelevant.

The issue is whether the federal claims are separate and independent from the state-law claims in the Counterclaim and Third Party Complaint. "A federal claim is separate and independent if it involves an *obligation* distinct from the nonremovable claims in the case." (citing *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951); *see also Kringel v. Yacht Brokerage, Inc.*, 704 F. Supp. 223, 224 (S.D. Fla. 1989)("[T]he test is whether there are unlawful violations of more than one legal right." (citing *Finn*, 341 U.S. at 12-13 (quoting *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 321 (1927))))). The court finds that the state-law claims in the Counterclaim and Third-Party Complaint are separate and independent claims from the federal claims as they allege violations of distinct and different legal rights.

The court finds that this case was properly removed on the basis of federal-question jurisdiction. Therefore, the Hudsons' Motion to Remand will be denied.

## II. **MOTION TO DISMISS**

Wells Fargo and U.S. Bank ask the court to dismiss the Hudsons' Counterclaim and Third-Party Complaint. As noted above, the Hudsons have filed an Amendment to the Counterclaim and Third-Party Complaint Removing All Federal Claims. (*See* doc. 7.) This Amendment had the effect of voluntarily dismissing all federal claims.[2] *See Pedrina v.*

---

[2] Although voluntary dismissal are generally without prejudice, the court notes that the Hudsons asked that these claims be dismissed with prejudice. (Doc. 7 ¶ 1.)

7

*Chun*, 987 F.2d 608, 610 (9th Cir. 1993); *Neifeld v. Steinberg*, 438 F.2d 423, 430 (3d Cir. 1971); *Cavalino v. Cavalino*, 601 F. Supp. 74, 76 (N.D. Ga. 1984). The filing of Amendment renders moot the Motion to Dismiss the federal claims. *See*, *e.g.*, *DeSisto College, Inc. v. Line*, 888 F.2d 755, 757-58 (11th Cir. 1989)*; Estate of Rodriquez v. Drummond Co., Inc.*, 256 F. Supp. 2d 1250, 1254 (N.D. Ala. 2003).

The parties have agreed that the Hudsons will file an Amended Counterclaim and Third Party Complaint, setting forth their remaining state-law claims without reference to their prior Counterclaim and Third Party Complaint. In light of the parties' agreement, the court will deny the remainder of the Motion to Dismiss without prejudice to the rights of Wells Fargo and U.S. Bank to refile their Motion to Dismiss.

### III.  REMAND TO THE CIRCUIT COURT OF TUSCALOOSA COUNTY

Section 1367(c)(3) states: "A district court has discretion to decline to exercise supplemental jurisdiction over the state law claims when . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). The Supreme Court and the Eleventh Circuit have recognized that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005);

*Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997). "[T]hese factors usually will favor a decision to relinquish jurisdiction when 'state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Carnegie-Mellon University v. Cohill*, 484 U.S. at 350 n.7 (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966)("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.  Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.")(footnotes omitted).

> State courts, not federal courts, should be the final arbiters of state law.  When coupled with the Court's discretion to exercise supplemental jurisdiction under § 1367(c), [the Eleventh Circuit] finds that the state law claims remaining in this action are best resolved by the [state] courts.  ***This is especially true here where the Court is dismissing Plaintiffs' federal law claim prior to trial***.

*Baggett*, 117 F.3d at 1353 (emphasis added).  "In fact, 'if the federal claims are dismissed prior to trial, [Supreme Court precedent] ***strongly encourages*** or even ***requires*** dismissal of state claims.'" *Ingram v. School Bd. of Miami-Dade County*, 167 Fed. Appx. 107, 108 (11th Cir. 2006)(quoting *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)(citing *Gibbs*,

9

383 U.S. 715))(emphasis added); *see also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004)("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984))).

The court notes that, based on their Amendment, the Hudsons have dismissed all federal claims prior to trial – indeed, prior to the beginning of discovery. Their remaining state law claims, and the state-law action of U.S. Banks, should be decided by the state court. *See Baggett*, 117 F.3d at 1353. Therefore, the court will decline to exercise jurisdiction over the remaining state-law claims and remand this case to the Circuit Court of Tuscaloosa County, Alabama.

## **CONCLUSION**

For the foregoing reasons, the court is of the opinion that the Hudsons' Motion to Remand, (doc. 8), is due to be denied on the grounds argued in the Motion to Remand, and that the Motion to Dismiss, filed by Wells Fargo and U.S. Bank, is due to be denied as moot. Based on the Hudsons' Amendment to Counterclaim and Third-Party Complaint Removing All Federal Claims, (doc. 7), the Hudsons' Counterclaim and Third-Party Complaint based on a federal law will be dismissed with prejudice. Pursuant to 28 U.S.C. § 1367 (c)(3), the court declines to exercise jurisdiction over the remaining state-law claims, and this case will be remanded to the Circuit Court of Tuscaloosa County. An Order in conformity with this Memorandum Opinion will be entered contemporaneously.

**DONE**, this 20th day of June, 2011.

                                                      /s/ Sharon Lovelace Blackburn
                                                      SHARON LOVELACE BLACKBURN
                                                      CHIEF UNITED STATES DISTRICT JUDGE